For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., absent.

## JOHNSON v. PRIDE OF ALGIERS, LODGE NO. 102, etc.

### No. 14000.

Court of Appeal of Louisiana. Orleans.
April 23, 1934.

Paul W. Maloney and J. A. Morales, both of New Orleans, for appellant.

Breazeale & Hughes, of Natchitoches, for appellee.

WESTERFIELD, Judge.

William Johnson, colored, was a member of the Pride of Algiers, Lodge No. 102, of the Most Worshipful Eureka Grand Lodge, Free and Accepted York Masons for the State of Louisiana. On his death, the Masonic order referred to paid $300 to his niece, Annie Murray, whom he had designated as his beneficiary in connection with "A Charity Fund" maintained by that order. Thereafter John-

son's wife brought this suit claiming that the money which had been paid to Annie Murray should have been given to her and asked for a judgment against the order for that amount.

There was judgment below dismissing plaintiff's suit, and plaintiff has appealed.

■ The laws of the order governing the charity fund, so far as they are pertinent, provide as follows:

Article 1, Section 1. "That a charity fund be, and that the same is hereby established; and that from and after the first day of September, A. D. 1907; upon the satisfactory evidence of the death of a Mason in good standing, the sum of Three Hundred Dollars ($300.00) will be paid to the widow, orphans or beneficiary, as he so directs provided, however that blood or craft relationship exist."

Article 3, Section 2. "At the expiration of ninety (90) days from the date of the data required above as to the death of a Master Mason, provided always that priority of death shall always be first considered, the Grand Master shall issue a check to be issued in favor of the widow, heirs, or legal representatives of the deceased Master Mason. * * * "

It is the contention of plaintiff that an effort was made by the deceased, Johnson, in his lifetime to change the beneficiary to his wife by paying to the proper official $.25, the amount required for the purpose, but that, due to the negligence of that official, the change was not effected, and further that in any event the designation of the deceased's niece was illegal, and therefore the situation is the same as though no beneficiary had been selected and his widow entitled to the money.

So far as the first contention is concerned, there is no proof in the record to show that the deceased attempted to change his beneficiary, and the record clearly shows that, when Johnson died, Annie Murray was his beneficiary on the books of the defendant.

The second point raised by plaintiff is based upon the argument that the phrase, "provided always that priority of death shall always be first considered," found in section 2 of article 3 of the laws governing the charity fund, which, it is claimed, means that the charity fund should first be given to the widow and then to the heirs and then to the legal representatives of the deceased, is without merit. This phrase, it seems to us, clearly indicates that payment out of the fund shall be paid to beneficiaries in the order of the priority of the death of the member; that is to say, that the beneficiary of members dying first shall be paid before the beneficiary of those whose deaths occur later are paid.

■ In argument it was stated that the charity fund of defendant, whatever might be the rules of the order, must be disbursed in accordance with the provisions of Act No. 256 of 1912, section 6, which provides "that the payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member. * * * " A niece is a relative by blood within the fourth degree, and consequently her designation by the deceased, Johnson, in accordance with the laws of the order, of which he was a member, is not inconsistent with or repugnant to section 6 of the act referred to.

We believe the case to have been properly decided below, consequently, and for the reasons assigned the judgment appealed from is affirmed.

Affirmed.